Kenneth S. Hixson, Judge, dissenting. The majority’s conclusion that the paucity of evidence herein was sufficient to prove justifiable reliance is myopic and effectively extirpates “justifiable” from the essential elements of fraud. I respectfully disagree with the majority’s determination that Knopick proved justifiable reliance. Because justifiable reliance[1] depends on the experience and sophistication of the buyer, below are lasóme excerpts from Knopick’s testimony regarding his experience in residential and commercial real estate transactions and the execution of contracts, his determination of value, and his familiarity with tools: I’m no novice with regard to the buying and selling of real estate; commercial, residential. I’ve had over ]0 years experience buying and selling real estate, yes. ... [I have] bought and sold more than 20 tracts, different tracts, of real estate, yes. To answer you honestly, / have experience in signing contracts. I usually entrust that to either the lawyers that work for me or the realtors that work for me. Well, I had a lawyer on retainer, but not for this. I had—Ms. Hadzima was my representative. And I’m familiar with tools, although—I mean, I’ve got my own. It was just value. I could either keep them, sell them, get rid of them, but at least the value was there as equity at some point. Same with the tool box. No, I never went out to the house and walked through and looked at these things before the sale was concluded. Yes, my logic is if someone is going to give you receipts, then they’re telling the truth basically. [Hadzima] said he brought—or was bringing the receipts down at the closing. And I said, it will not happen without that. And she was well aware of that. That was the whole crux of this offer, was that amount of money. It was equity to me. It wasn’t money, it was equity. It justified my bid. No sir, I did not inspect or look at the tools ever before the purchase—before I concluded the sale. No, I didn’t look at pictures of the tools. Well, the receipts, yes, I did ask to see those. No, I never looked at the receipts. No sir, I did not send a disinterested third party,—like a Mateo representative or someone to go look at the tools and confirm what was important to me, the value.... Somebody signs a contract and says [they’re] going to provide receipts, and you say it’s what it’s worth, hey, I’ll take a shot. 11fi(Emphasis added.) And, regarding the extent/of Knopick’s sophistication and experience in real estate transactions, the record indicates that after he retained Marie Hadzima for this purchase, he retained Ms. Hadzima for another twelve purchases, totaling more than $1,297,000 worth of real estate. The comment to Restatement (Second) of Torts § 541 (1977) discusses justifiable reliance as follows: Although the recipient of a fraudulent misrepresentation is not barred from recovery because he could have discovered its falsity if he had shown his distrust of the maker’s honesty by investigating its truth, he is nonetheless required to use his senses, and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation. Thus, if one induces another to buy a horse by representing it to be sound, the purchaser cannot recover even though the horse has but one eye, if the horse is shown to the purchaser before he buys it and the slightest inspection would have disclosed the defect. On the other hand, the rule stated in this Section applies only when the recipient of the misrepresentation is capable of appreciating its falsity at the time by the use of his senses. Thus a defect that any experienced horseman would at once recognize at first glance may not be patent to a person who has had no experience with horses. (Emphasis added.) As stated in the Restatement comment: a party is required to use his senses and “cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation.” (Emphasis added.) Here, Knopick admittedly was looking only for “equity” in the purchase of the real estate and was not interested in the tools. Knopick never saw the tools, had the tools appraised, or even inspected them. Kno-pick said he might keep the tools, sell them, or put them on Ebay. In fact, Kno-pick candidly testified, “Somebody signs |17a contract and says they’re going to provide receipts, and you say it’s what it’s worth, hey, I’ll take a shot,” (Emphasis added.) As described in the comment to the Restatement, this is blind reliance. This real estate transaction was an investment opportunity by a sophisticated person who has over 40 years’ experience in the real estate business. Knopick stated that when he looked at the tool box for the first time after closing, “I—immediately as soon as I saw this tool box, I realized that it was not worth more than $150,000.” Hence, as suggested by the Restatement comment, even the slightest inspection by Knopick would have revealed that the “horse only had one eye.” This case is analogous to Sunbelt Business Brokers of Arkansas, Inc. v. James, 2009 Ark. App. 659, 2009 WL 3210609. While the majority attempts to adroitly distinguish James, the attempt is hollow. In James, the trial court found that James proved fraud and awarded judgment in her favor. However, we reversed, holding that the trial court’s finding that James’s reliance was justified was clearly erroneous. Id. We explained that James and her husband had extensive experience in accounting, business, and financial services. Id. Based on her experience, we agreed with appellants that she could not have reasonably believed the amount of money indicated on Sunbelt’s cash-flow form. Id. Additionally, we noted that James did not demonstrate the standard of diligence required of a plaintiff alleging fraud and that one has an affirmative duty to make further inquiry into conflicting information. Id. Therefore, we held that, based upon the information that James possessed before the sale plus the information she could have received but did not request, her reliance on the cash-flow form was not reasonable and we reversed the trial court’s decision. Id. |¶ ¿Turning to the case at bar, Knopick is a sophisticated buyer who testified that he was familiar with real estate transactions, contracts, and tools. He had lawyers on retainer and had been buying and selling real estate for more than 40 years. Like the buyer in James, Knopick did not demonstrate the standard of diligence required of a plaintiff alleging fraud, nor did he show that he made any affirmative steps to make any inquiry of the representations. The only evidence introduced by Knopick to prove justifiable reliance was his meager statement that he testified that he “thought no one would be foolish enough to lie to that extreme in a real-estate contract.” This is not evidence of justifiable reliance—perhaps blind reliance. Kno-pick’s reliance on Morris’s statements as to the value of the tools was not reasonable. Therefore, as this court was in James, I am left with a definite and firm conviction that a mistake has been committed and would reverse on direct appeal. By affirming this case, we have effectively abolished the “justifiable” portion of justifiable -reliance. All an aggrieved party will have to do to sustain his or her burden of proof is to testify that “[he or she] didn’t think anyone would lie to that extreme” and do nothing more. Klappenbach, J., joins in this dissent. . Before addressing the issue of justifiable reliance, I additionally note that there is also an issue as to whether the representation of the "value of the tools” is a representation of fact. A representation of value is a subjective opinion of the seller. The majority seems to say that because the representation of value was inserted as a term into the contract, it transformed the representation into a fact. If this case was a breach of contract, that might be true. However, because this case is based on fraud, the statement concerning the value of the tools is still a representation of the opinion of the seller.